UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STUART BARASH AND CANDY JO    *        CIVIL ACTION
CASEY BARASH

VERSUS                        *        NO: 06-9438

ENCOMPASS INDEMNITY CO. ET    *        SECTION: "D"(5)
AL

## ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Stuart Barash and Candy Jo Casey Barash.  Defendants, Encompass Indemnity Company, Eustis Insurance, Inc. and Janet Talley, filed memoranda in opposition.  The motion, set for hearing on Wednesday, December 20, 2006, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

## I.  Background

In this Katrina-related matter, Plaintiffs initially filed suit (on August 28, 2006) in the Civil District Court for the Parish of Orleans, State of Louisiana, alleging that on August 29, 2005, the day Hurricane Katrina made landfall in the New Orleans

area, they had a homeowner's insurance policy issued by Encompass Indemnity Company.  Plaintiffs further allege that their home was a "constructive total loss" after it was damaged by windstorm and wind driven rain from Hurricane Katrina on August 29, 2005 and then from Hurricane Rita on September 24, 2005.  Plaintiffs reported their loss (including wind damage, loss of contents and loss of use) to Encompass.

As to Defendants Eustis and Talley, Plaintiffs claim that in selling insurance to Plaintiffs, they committed various errors and omissions, including: (1) failing to properly evaluate and advise Plaintiffs of their insurance needs; (2) negligent failure to procure the requested and necessary homeowner's and flood insurance as Plaintiffs requested; (3) breach of fiduciary duty to procure insurance in an  amount adequate to cover the value of the property and contents for both flood and wind damage as requested by Plaintiffs; (4) negligently making certain representations, promises and statements to Plaintiffs regarding coverage under the policy as well as the rights and entitlements to which Plaintiffs would be entitled under the policy in the event of a loss from windstorm; (5) failing to offer Plaintiffs adequate flood insurance, excess flood insurance; adequate homeowner's insurance coverage, and excess homeowner's insurance coverage. (Petition at ¶ 17).

2

As to all Defendants (Encompass, Eustis and Talley), Plaintiffs allege that they failed to honor both express and implied contracts. (*Id*. at ¶ 19). Plaintiffs allege that Encompass is liable under LSA-R.S. 22:695 for the total face value of the homeowner's policy.

On November 2, 2006, Defendant Encompass removed the matter to this court under diversity jurisdiction, alleging that there is complete diversity between Plaintiffs (Louisiana citizens) and Encompass (a non-Louisiana citizen). Encompass further alleges that Defendants Eustis and Talley (who are Louisiana citizens) were fraudulently joined because Plaintiffs' claims against them are perempted and also fail as a matter of substantive Louisiana law. (Notice of Removal at ¶ 13).[1]

In their Motion to Remand, Plaintiffs argue that: (1) Encompass' removal was untimely; and (2) the in-state Defendants, Eustis and Talley, have been properly joined because Plaintiffs have alleged valid state law claims against them. As the court next discusses, the court finds that Encompass' removal was untimely and in-state Defendants, Eustis and Talley, have been properly joined at least as to Plaintiffs' claims regarding flood insurance.

---

[1]    The amount in controversy is not in dispute.

3

## II.  Legal Analysis

### A.  Encompass' removal was untimely.

While Defendants filed memoranda in opposition to Plaintiffs'
Motion to Remand, none of the Defendants respond to Plaintiffs'
argument that the removal was untimely.  Under the statute setting
forth the "Procedure for removal,"

> The notice of removal of a civil action or
> proceeding shall be filed within **thirty days**
> after the receipt by the defendant, through
> service or otherwise, of a copy of the initial
> pleading setting forth the claim for relief
> upon which such action or proceeding is based,
> or within thirty days after the service of
> summons upon the defendant if such initial
> pleading has then been filed in court and
> which is not required to be served on the
> defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(emphasis added).

In cases involving multiple defendants, the §1446(b) thirty-
day period begins to run as soon as the first defendant is served.
*Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262-
63 (5th Cir. 1988).  Further, all served defendants must join in or
consent to the removal no later than thirty days from the day on
which the first defendant was served.  *Id.* at 1263.

In this matter, the Civil District Court record indicates
return of service of the petition on Defendants Talley and Eustis
on September 29, 2006.  (*See* Plaintiffs' Ex. D).  Further, before
that date, these defendants were clearly on notice of the pending

4

litigation because they filed a Motion for Extension on or about September 13, 2006, requesting an extension in which to file responsive pleadings.  (*See* Plaintiffs' Ex. C).

Not only did Defendant Encompass fail to obtain the consent of Defendants Talley and Eustis when it filed its removal, Defendant Encompass filed its removal on November 2, 2006, outside the § 1446(b) thirty-day period.  Thus, Encompass' removal is defective, requiring remand of this matter to state court.

**B.  Defendants Eustis and Talley were not fraudulently or improperly joined.**[2]

There are two ways to establish fraudulent or improper joinder: (1) actual fraud in the pleading of jurisdictional facts,; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(*en banc*).

The first--actual fraud--is not at issue in this case.  With the second, the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the

---

[2]      The Fifth Circuit now refers to "fraudulent joinder" as "improper joinder."  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 n. 1 (5th Cir. 2004)(*en banc*).

plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Guillory*, 434 F.3d at 308, *quoting Smallwood*, 383 F.3d at 573.

The burden of proof is on the removing party.  To determine the validity of an improper joinder claim, the court "must evaluate all of the factual allegations in the light mist favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory*, 434 F.3d at 308 (citation omitted).  Additionally, the court must resolve all ambiguities in the controlling state law in the plaintiff's favor. *Id*.  The court does not determine "whether the plaintiff will actually or even probably prevail on the merits of the case, but look only for a possibility that the plaintiff might to do." *Id*. at 308-09.

The court may resolve the issue of whether plaintiff has a reasonable basis of recovery under state law in two ways.  The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the state-court petition to determine whether the petition states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule

12(b)(6)-type challenge, there is no improper joinder. "That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id*. at 309.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

In this case, Defendants Eustis and Talley argue that several of Plaintiffs' claims against them fail to state a cause of action under Louisiana law.  In particular, they argue:

> **Eustis and Talley did not have a duty to evaluate and advise plaintiffs of their insurance needs** ... In addition to the fact that there is **no such coverage as "excess homeowner's insurance coverage,"** plaintiffs have failed to state a cause of action for the **alleged failure of Eustis and Talley to procure excess flood insurance coverage** because plaintiffs were not entitled to excess flood insurance-they did not request or purchase the maximum limits under the National Flood Insurance Program ... Finally, plaintiffs have failed to state a cause of action for **alleged misrepresentations** regarding their coverages under their policy in the event of a loss from windstorm ... Based on the Affidavit of Mary Michel (Exhibit A), plaintiffs had a copy of their homeowner's policy more than two months before Hurricane Katrina.  Therefore, they had plenty of time to review their policy and could not justifiably rely on any alleged misrepresentations by Eustis and Talley about the coverages.

(Opp. of Eustis & Talley, pp. 2-4, emphasis added).

All of the Defendants also argue that Plaintiffs' claims against Defendants Eustis and Talley are preempted under the one-year peremptive provision found in LSA-R.S. 9:5606. That statute in its entirety reads:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within **one year** from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect **is discovered or should have been discovered**. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**

> B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of **fraud**, as defined in

Civil Code Article 1953.[3]

      D.    The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

In their state-court Petition, Plaintiffs allege that they requested both homeowner's and flood insurance from Defendants Eustis and Talley. Plaintiffs do not provide specifics regarding the amount of insurance (homeowner's or flood) that they purportedly requested or the value of their property,[4] but they

---

[3]    Louisiana Civil Code Article 1953 provides:

**Fraud may result from misrepresentation or from silence**

Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

[4]    The court notes that in their memorandum in support of their Motion to Remand, Plaintiffs assert (without any supporting summary judgment-type evidence) that:

While Plaintiffs requested full flood coverage for their newly purchased home, Eustis and Talley failed to provide the available options available to the plaintiffs for their home. The Flood policy procured by Eustis and Talley only provided limits of $205,000 for dwelling and $50,000 for contents without even asking what the value of the home or content were at

state that they requested insurance in an amount to cover the value
of their property. Plaintiffs imply that their expectations
conveyed to these Defendants were not met when they state that
these Defendants negligently failed to procure the insurance
Plaintiffs requested, breached the fiduciary duty to procure the
insurance Plaintiffs requested, and failed to offer them adequate
and excess insurance. Plaintiffs also imply that they did not
discover the alleged errors and omissions of Eustis and Talley
until after Hurricanes Katrina and Rita hit and Plaintiffs were
denied coverage.

   Under Louisiana law, an insurance agent has a general duty to
use reasonable diligence in attempting to place the insurance
requested and to promptly notify the client if he has failed to
obtain the insurance requested. *Karam v. St. Paul Fire & Marine
Ins. Co.*, 281 So.2d 728, 730-31 (La. 1973). If the agent's actions
warrant the client's assumption that he has the desired insurance
coverage, the client may recover any loss sustained as a result of
the agent's breach of his duty to procure such coverage. *Id*.

   Further, in certain instances, a fiduciary duty may be imposed

---

the time the policy was purchased in 2005. Eustis and
Talley never offered or indicated that the flood
policy limits could have been purchased with limits of
$250,000 for dwelling and $100,00 for contents.

(Plaintiffs' Memo. at p. 6).

on insurance agents in their dealings with the insured.  *Taylor v. Sider*, 765 So.2d 416, 419 (La. App. 4th Cir. 2000).  It has been held that an insurance broker's "fiduciary duty includes advising his client with regards to recommended coverage."  *Durham v. McFarland*, 527 So.2d 403, 405 (La. App. 4th Cir. 1988).  And, an agent may breach his duty to advise a plaintiff of needed flood insurance even if a plaintiff does not specifically request flood insurance.  *Durham v. McFarland*, 527 So.2d 403, 407 (La. App. 4th Cir. 1988).

Here, at a minimum, the court finds that Plaintiffs' claims against Eustis and Talley regarding **flood insurance** coverage state a cause of action and, based on the record as it now stands, these claims are not preempted under the one-year peremptive period in LSA-R.S. 9:5606.  According to Gail Champagne, a Customer Service Representative at Eustis, she received a telephone call from Plaintiff Stuart Barash on June 16, 2005, at which time he stated that the Declaration Page for the flood policy had several errors unrelated to flood policy limits.  (Champagne Affidavit attached to Opp. of Talley & Eustis).[5]  However, such facts do not negate

---

[5]    Neither the Declaration Page for the **flood policy** nor the flood policy itself have been submitted.

        On June 8, 2005, Eustis mailed the subject **homeowner's policy** for the period May 17, 2005, to May 17, 2006, to Plaintiffs.  (*See* Michel Affidavit attached to Opp. of Eustis & Talley).  Further, Encompass has attached to its opposition memorandum a copy of the subject homeowner's

Plaintiffs' claims that they requested flood insurance to cover the value of their property, and Defendants Eustis and Talley negligently failed to procure such flood insurance, breached their fiduciary duty to procure such insurance and/or they failed to offer Plaintiffs excess flood insurance.[6]

Plaintiffs allegedly sustained damage to their insured property when Hurricane Katrina hit on August 29, 2005 and Hurricane Rita hit on September 24, 2005 (both dates less than one year after purchasing the flood insurance policy and receiving the Declaration Page).  They filed this suit on August 28, 2006, within a year of the named storms.  Defendants have not met their burden of showing that Plaintiffs' claims related to flood insurance are perempted under the one-year peremptive provision found in LSA-R.S. 9:5606, because Defendants have not shown when Plaintiffs discovered or should have discovered that Eustis and Talley

_____

policy.  The court recognizes jurisprudence holding that an insured party is generally responsible for reading his policy, and he is presumed to know its provisions.  Further, in some instances, the issuance of a policy is the event that begins commencement of the peremptive period.  *See e.g., Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 at *10 (E.D.La. July 21, 2006)(Vance, J.).

However, in this case, the court does not decide if the date on which Plaintiffs acquired their homeowner's policy started the running of the one-year peremptive period on plaintiff's negligent misrepresentation claims pertaining to their homeowners' insurance.  That issue, among others, will have to be decided by the state court on remand.

[6]   Plaintiffs do not explicitly make a claim that they *requested* excess flood insurance.

committed the alleged errors and omissions regarding flood insurance.

Evaluating all of the factual allegations regarding flood insurance in the light most favorable to Plaintiffs, the court concludes that Plaintiffs have a reasonable basis of recovery against Defendants Eustis and Talley under Louisiana state law. Thus, Defendants Eustis and Talley are properly joined defendants, and complete diversity is destroyed.

Finally, Defendant Encompass argues that Plaintiffs' claims against Eustis are improperly joined under the misjoinder doctrine of *Tapscott v. MS Dealers Services Corp.*, 77 F.3d 1353, 1355-60 (11th Cir. 1996).[7] In particular, Encompass maintains that:

> The claims against [Eustis] and Encompass are against different persons, asserting different allegations, and arise out of different relationships. Encompass is alleged to have failed to pay sums which are due which involves interpretation of insurance policy, and the claim against [Eustis] is for negligent failure to procure adequate insurance limits. Thus, the bases underlying these claims from which they arise and the

---

[7]     In *Tapscott*, the Eleventh Circuit found that when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant, this can serve as a third situation of fraudulent joinder in addition to the two identified in *Smallwood*.

   The Fifth Circuit appears to have adopted *Tapscott's* fraudulent joinder principle in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).

> legal analysis the court may utilize are different. Pursuant to Rule 20 of the Federal Rule of Civil Procedure, joinder of those defendants is improper.

(Encompass Opp. at p. 7).

However, the court finds this mis-joinder argument is misplaced. The Plaintiffs' claims against Encompass (the insurance provider) and Eustis and Talley (the agents) all arise from what they allege was a lack of coverage for damages sustained to their property in the aftermath of Hurricanes Katrina and Rita, thus satisfying the requirement for joinder under Federal Rule of Civil Procedure 20.[8]

In similar factual contexts, courts in this district have found a "palpable connection" between claims against an insurance company and an insurance agent, such that the claims were not fraudulently joined.[9] Thus, the court concludes that there is no improper joinder on this ground. And, even if Plaintiffs' claims against Eustis and Encompass were problematic under Rule 20, the

---

[8]    Rule 20(a) states in pertinent part: "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions and occurrences and if any question of law of fact common to all defendants will arise in the action."

[9]    *See e.g., Botnick v. Vigilant Ins. Co.*, 2006 WL 2947912 at *7 (E.D.La. Oct. 13, 2006)(Vance, J.); *Radlauer v. Great N. Ins. Co.*, 2006 WL 1560791 at *5-6 (E.D.La. May 16, 2006)(Zainey, J.).

14

court finds that in this case such joinder would not be "so egregious as to constitute fraudulent joinder." *Tapscott*, 77 F.3d at 1360; *Richmond v. Chubb Grp.*, 2006 WL 2710566 at *6 (E.D.La. Sept. 20, 2006)(Africk, J.).

Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, remanding this matter to Civil District Court for the Parish of Orleans, State of Louisiana, because removal was untimely and the court lacks subject matter jurisdiction.

New Orleans, Louisiana, this **21st** day of **December, 2006.**

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

15